UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

TARA THOMPSON,  Case No. 21-CV-0969 (PJS/KMM)

Plaintiff,

v.  ORDER

BENEDICTINE HEALTH CENTER AT
INNSBRUCK; BENEDICTINE HEALTH
SYSTEM; and BENEDICTINE CARE
CENTERS,

Defendants.

Tara Thompson, pro se.

Margaret R. Ryan and Erik Rootes, MEAGHER & GEER, P.L.L.P., for defendants.

This matter is before the Court on defendants' motion to dismiss certain claims under Fed. R. Civ. P. 12(b)(6) and on plaintiff Tara Thompson's "notice of objection" to removal, which the Court construes as a motion to remand. ECF Nos. 5, 11. For the reasons that follow, defendants' motion is granted and Thompson's motion is denied.

First, as to defendants' motion: Defendants move to dismiss Counts III, IV, V, and VI of Thompson's complaint. The first three claims—Counts III, IV, and V—are based on the alleged falsification of records and are brought under a federal regulation (49 C.F.R. § 1570.5), a federal criminal statute (18 U.S.C. § 1519), and a state criminal statute (Minn. Stat. § 609.63). But neither the regulation nor the statutes provide a

private right of action; in other words, although the regulation and the statutes prohibit certain conduct, they do not give private individuals such as Thompson the right to enforce those prohibitions by bringing lawsuits. *See, e.g.*, *Horde v. Elliot*, No. 17-CV-0800 (WMW/SER), 2018 WL 987683, at *9 (D. Minn. Jan. 9, 2018), *report & recommendation adopted*, 2018 WL 985294 (D. Minn. Feb. 20, 2018); *Dawson v. Wells Fargo Corp.*, No. 11-CV-2456 (MJD/JJG), 2012 WL 3870597, at *4 (D. Minn. Sept. 6, 2012), *aff'd*, 500 F. App'x 544 (8th Cir. 2013) (per curiam). Instead, the prohibitions are enforced by the government through the criminal-justice or administrative system. Counts III, IV, and V are therefore dismissed.

Count VI asserts a sexual-harassment claim, which the Court construes as being brought under Title VII. No employee should have to experience the type of conduct that Thompson alleges. But a charge of discrimination must be filed with the Equal Employment Opportunity Commission ("EEOC") within 300 days after unlawful conduct occurs. *See* 42 U.S.C. § 2000e-5(e)(1); *Hutson v. Wells Dairy, Inc.*, 578 F.3d 823, 825–26 (8th Cir. 2009). Here, Thompson experienced the alleged incident of sexual harassment on May 9, 2019, but she did not file a charge of discrimination with the EEOC until December 14, 2020, which is 585 days later. Compl. at 2, 17. At the hearing, Thompson explained that she attempted to file a charge with the EEOC after she was fired in July 2020, but she was delayed until December 2020 due to the COVID-19

pandemic. Even if Thompson had succeeded in filing the charge in July 2020, however, her charge still would not have been filed within 300 days of the May 9, 2019 incident. As a result, the pandemic-related delays provide no basis for relief, and Count VI must be dismissed as untimely.

Second, as to Thompson's motion to remand: In her complaint, Thompson pleaded four claims arising under federal law, including a claim (that survives) for unlawful retaliation under Title VII. The Court has federal-question jurisdiction over those claims. *See Fort Bend County v. Davis*, 139 S. Ct. 1843, 1850 (2019); *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 505–06 (2006). The Court also has supplemental jurisdiction over Thompson's state-law claims, as they are so closely related to the federal claims that they "form part of the same case or controversy." *See* 28 U.S.C. § 1367(a). Defendants thus had the right to remove this case to federal court, and Thompson's motion to remand is denied.

In summary, Counts III, IV, V, and VI are dismissed, and Thompson's request for a remand is denied. Counts I and II remain pending in this Court, and the parties may continue to litigate those two claims.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Defendants' partial motion to dismiss [ECF No. 5] is GRANTED.

2. Counts III, IV, V, and VI of plaintiff's complaint [ECF No. 1-1] are DISMISSED WITH PREJUDICE.

3. Plaintiff's motion to remand [ECF No. 11] is DENIED.

Dated: July 26, 2021    s/Patrick J. Schiltz
                                                 Patrick J. Schiltz
                                                 United States District Judge